IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAM A. PULFER,**

       **Plaintiff,**

  vs.                                   **Civil Action 2:14-cv-1830**
                                                **Judge Marbley**
                                                **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

**REPORT AND RECOMMENDATION**

    This action was remanded to the Commissioner of Social Security pursuant to Sentence 4 of 42 U.S.C. § 405(g). *Order*, ECF No. 20; *Judgment*, ECF No. 21. This matter is now before the Court on the parties' stipulation for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *Stipulation*, ECF No. 22.

    The parties stipulate that an award of $3,550.00 is a reasonable award in this case, in full satisfaction of plaintiff's claims for fees, cots, and expenses under the EAJA. *Id.* The parties also agree that, if counsel can verify that plaintiff owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to plaintiff's attorney pursuant to plaintiff's assignment. *Stipulation. See Astrue v. Ratliff,* 560 U.S. 586 (2010). This Court agrees that the stipulated award is reasonable under the EAJA.

    It is therefore **RECOMMENDED** that plaintiff be awarded attorney fees and expenses in the total amount of $3,550.00 pursuant to the

EAJA. Moreover, if counsel for the parties verify that plaintiff owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to plaintiff's attorney pursuant to plaintiff's assignment.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those

objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                          *s/Norah McCann King*
                                           Norah M$^c$Cann King
                                  United States Magistrate Judge

Date July 31, 2015